Jamaica Station  
Jamaica, NY 11435-4380  
718 558-8254 Tel  
718 657-9047 Fax

Phillip Eng  
President

Paige Graves  
Vice President, General Counsel & Secretary


# Long Island Rail Road

Direct Dial: 718-558-8316  
Cell: 917-535-2640

August 23, 2021

<u>Via ECF</u>

United States Magistrate Judge Marcia M. Henry  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

                Re:    <u>**Christie v. Long Island Railroad Company**</u>  
                      <u>**20-CV-247 (RPK) (LB)**</u>

Dear Judge Henry:

      This office represents the Defendant in the above-referenced matter. I write pursuant to this Court's Order dated July 21, 2021 instructing the parties to submit a joint status report. Plaintiff has refused to cooperate with Defendant to produce a joint status report and submitted his own report last week. Plaintiff's refusal to cooperate with Defendant, as well as with his own former counsel, has been a constant throughout this litigation.[1]

      This discrimination and retaliation matter arises out of the termination of Plaintiff's employment with Defendant. Defendant terminated Plaintiff's employment after two sets of disciplinary hearings resulted in findings of guilt. Plaintiff asserts in this action that his termination was due not to his misconduct but rather was discriminatory based on his race and retaliatory for a prior complaint and settlement.

      Through his union, Plaintiff appealed both sets of charges to the National Railroad Adjustment Board ("NRAB"). On May 6, 2021, an NRAB arbitrator issued two substantive decisions, one on each of the two sets of disciplinary charges against Plaintiff, upholding both findings of guilt and the discipline imposed for each.

      Plaintiff's former counsel had withdrawn from this case prior to the beginning of formal discovery and prior to a scheduling order being set. As of the time of Plaintiff's counsel's withdrawal, the parties had exchanged Rule 26 initial disclosures and Defendant had provided Plaintiff's counsel with Plaintiff's employment and disciplinary files, including all transcripts and exhibits from Plaintiff's voluminous disciplinary proceedings. Defendant has not provided Plaintiff with any discovery, including any discovery regarding income, mitigation, emotional distress or medical history.

---

[1] Notably, prior to this litigation, Plaintiff had verbally abused the undersigned, stating I smell of dog feces and I look like I suffer from AIDS. While Plaintiff has refrained from *ad hominem* insults since the instant matter was filed, he has continued to be unduly combative.

*The agencies of the MTA*  
MTA New York City Transit     MTA Metro-North Railroad     MTA Capital Construction  
MTA Long Island Rail Road     MTA Bridges and Tunnels     MTA Bus Company

Magistrate Judge Lois Bloom stayed discovery to allow Plaintiff time to obtain new counsel. As such, no discovery schedule has been set. As of the date of this letter, Plaintiff remains *pro se*. Plaintiff has informed Defendant that, while he will continue to look for legal counsel, he is able and willing to proceed with discovery, including depositions and expert discovery[2], as well as with any appropriate motion practice.

Plaintiff has informed the undersigned that he is currently out of the country and expects to return by September. Defendant respectfully requests this Court's permission to serve Plaintiff with discovery demands upon his return to the country.

The parties have engaged in additional settlement discussions which have not been successful. In brief, Defendant does not believe Plaintiff has presented a reasonable or realistic demand. Indeed, Magistrate Judge Bloom had informed Plaintiff's counsel in open court that Plaintiff's demands, which are well into seven figures, are facially unreasonable, and Plaintiff's counsel agreed, also in open court. Plaintiff has requested Defendant to make his demand for him, which Defendant is not willing to do. Defendant is open to a settlement conference to try to resolve this matter.

Defendant thanks the Court for its consideration of this matter.

Respectfully submitted,

Samuel Veytsman, Esq.
Attorney for Defendant

Cc: Reynore Christie (via email)

---

[2] Plaintiff states he will be calling expert witnesses. Defendant reserves the right to call it's own expert witnesses to the extent necessary for rebuttal.